RECEIVED
IN LAKE CHARLES, LA.

JUL 29 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20132-02 |
| VS. | : | JUDGE MINALDI |
| DONALD RAY MALVEAUX | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 [doc. 150] filed by the defendant, Donald Ray Maveaux ("Malveaux"). The Government filed an Opposition [doc. 155]. Malveaux did not file a reply.

### PROCEDURAL HISTORY

On November 29, 2007, pursuant to a written plea agreement, the defendant pleaded guilty to Count One of an indictment charging him with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Docs. 101-102]. The government filed a notice under 21 U.S.C. § 851 on October 12, 2007. [Doc. 97]. On March 18, 2008, the defendant was sentenced to 240 months imprisonment with credit for time served. [Docs. 111, 117]. The judgment was entered on March 25, 2008. [Doc. 117].

On March 25, 2009, the defendant filed a motion to vacate, set aside or correct sentence. (The motion had originally been treated as a motion for retroactive application of the Sentencing Guidelines to crack cocaine offenses).

FACTS

The Presentence Investigation Report, as well as the factual basis introduced at the time of the guilty plea, indicate that the defendant was involved in distributing crack cocaine in the Lake Charles area from September of 2003 through June of 2005. In 2004, a wire tap was obtained for the telephone of a co-defendant, Marcus Celestine. The telephone calls that were intercepted indicated that Malveaux was a source of supply for Celestine and supplied Celestine with half a kilogram of crack cocaine during the time period of the wiretap. [Doc. 102-103; PSI, paras. 6-8].

Law

Malveaux is arguing ineffective assistance of counsel based upon four grounds:

1) counsel was ineffective for failing to explain that the Government had filed a motion pursuant to 21 U.S.C. §851;

2) counsel failed to adequately review and explain the plea agreement;

3) counsel gave erroneous advice concerning the plea agreement; and

4) counsel failed to request a competency exam to determine that Malveaux was competent to understand the nature of the charges against him.

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the

2

defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995). Malveaux has not established cause, nor prejudice.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008). Malveaux has not established a miscarriage of justice nor actual innocence.

The issues raised by the defendant in his §2255 motion were not raised on direct appeal. The Supreme Court has strictly limited the circumstances under which a guilty plea may be attacked on collateral review. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437 (1984) (footnote omitted). Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if

first challenged on direct review. Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " *Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). In this case, Malveaux did not challenge the validity of his plea on direct appeal. In failing to do so, petitioner procedurally defaulted the claim he now presses. *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 1610 (1998).

Malveaux also argues ineffective assistance of counsel in his §2255 motion. An ineffective assistance of counsel claim can be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Navejar*, 963 F.2d 733, 735 (5th Cir. 1992).

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993). The burden that *Strickland* poses on a defendant is severe. *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir.

4

1986), *cert. den.*, 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987). Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second- guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S. Ct. 873, 93 L.Ed.2d 827 (1987)).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n. 6 (5th Cir. 1998); *Murray v. Maggio*, 736 F.2d at 282.

Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th

Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). The transcript of the guilty plea indicates that the plea was voluntary.

Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this ___ day of July, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE