UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20132-02** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DONALD RAY MALVEAUX (02)** | **MAGISTRATE JUDGE KAY** |

## RULING

On July 18, 2019, the Court issued a Ruling finding Defendant Donald Ray Malveaux is eligible for a sentence reduction pursuant to Section 404 of the First Step Act of 2018. [Doc. No. 261]. Pursuant to the Court's directives, counsel have submitted sentencing memoranda supporting each of their respective positions as to the appropriate amount of any reduction. [Doc. Nos. 262, 263]. The Court has reviewed the plea agreement [Doc. No. 102], the original judgment [Doc. No. 117], the sentencing letters submitted in connection with Malveaux's original sentencing hearing [Doc. No. 118], the transcripts of the original plea and sentencing hearings [Doc. Nos. 144, 146], and the briefing and ruling on Malveaux's motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. Nos. 150, 155, 156, 181]. The Court has additionally reviewed the original Presentence Investigation Report ("PSR"), the First Step Act addendum to the PSR, and counsel's sentencing memoranda. For the reasons that follow, the Court will REDUCE Malveaux's sentence of imprisonment to TIME SERVED and will REDUCE his term of supervised release to EIGHT YEARS.

Malveaux requests that the Court reduce his sentence to time served. The government argues no reduction is appropriate. Under current law, Malveaux's statutory mandatory minimum sentence is ten years imprisonment, and his statutory mandatory minimum term of supervised

release is eight years. Based upon the facts found by the court at the plea and sentencing hearings, Malveaux is accountable for 500 grams of cocaine base for guideline purposes, resulting in a revised guideline range of 120 to 125 months incarceration.[1]

Malveaux was detained on April 10, 2007 and has been incarcerated for approximately 12 years and 4 months (i.e., approximately 148 months). At the time of sentencing, Malveaux was 49 years old; he will be 61 in August. While Malveaux does have a criminal history, the majority of his criminal activity occurred more than two and a half decades ago, with the exception of a 1st offense Driving While Intoxicated conviction which occurred eighteen years ago. During his incarceration, Malveaux has made great strides at rehabilitation and has had only one violation while in BOP custody.[2] [FSA Addendum to PSR]. For these reasons, the Court finds a sentence of time served, which is a guideline sentence, is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.[3] Accordingly,

IT IS HEREBY ORDERED that the Motion to Reduce Sentence [Doc. No. 255] is GRANTED, and the Court will issue an amended judgment reducing Malveaux's term of

---

[1] Defendant makes a compelling argument that under current law, Malveaux would not be subject to an enhanced penalty under 21 U.S.C. § 851, because his prior conviction would not constitute a "serious drug felony." [Doc. No. 263 at 2-3]. Thus, under current law, Malveaux would face a statutory sentencing range of 5 to 40 years, rather than 10 years to life. However, as the portion of the Fair Sentencing Act which changed the offenses qualifying as predicate offenses for purposes of an enhanced penalty under § 841 was not made retroactive, the Court need not decide this issue.

[2] Malveux's violation was for "Phone Abuse" and occurred almost ten years ago.

[3] The only argument the government makes bearing on an appropriate sentence is that granting any reduction would "create an unreasonable disparity between Malveaux and similarly situated defendants who were sentenced after the Fair Sentencing Act of 2010." [Doc. No. 262 at 3]. However, the government's position is premised upon its argument that Malveaux should be held accountable for more than 280 grams of cocaine base, and thus, it is not utilizing a comparable group of offenders. Further, this argument was addressed in the Court's Ruling of July 18, 2019. [Doc. No. 261 at 10-11].

incarceration to TIME SERVED and reducing his term of supervised release to EIGHT (8) YEARS, with all other provisions of the judgment imposed on March 18, 2008[4] remaining in effect.

SIGNED this 30th day of July, 2019.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[4] *See* Doc. No. 117.